FILED

MAR 0 4 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Magistrate Case No. **08MJ8145** |
| Plaintiff, | ) | |
| v. | ) | **FINDINGS OF FACT AND ORDER OF DETENTION** |
| Jose Alfredo TORRES, | ) | |
| Defendant. | ) | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on February 22, 2008, to determine whether defendant Jose Alfredo TORRES, should be held in custody pending trial on the grounds that he is a flight risk. Assistant U. S. Attorney John F. Weis appeared on behalf of the United States. Matthew Hagen, Federal Defenders of San Diego, Inc. appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Report, and the criminal complaint issued against the Defendant on February 19, 2008, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

///

///

///

///

I

## FINDINGS OF FACT

A.    <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)</u>

1.  The Defendant is charged in Criminal Complaint No. 08MJ8145 with the importation of 22.32 kilograms (49.10 pounds) of cocaine in violation of 21 U.S.C. § 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2.    The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C.§ 801 et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. <u>See</u> 18 U.S.C. § 3142(e).

3.    The offense carries with it a minimum mandatory 10 year sentence and a maximum life sentence. <u>See</u> 21 U.S.C. § 960(b)(1)(B). According to the United States Sentencing Guidelines, the Base Offense level is 34. <u>See</u> USSG § 2D1.1(3). Assuming the Defendant's criminal history score places him in Criminal History Category I, <u>See</u> USSG § 4A1.1, the sentencing range for the Defendant is 151-188 months in prison.

B.    <u>Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):</u>

1.    On January 30, 2008, defendant was the driver, registered owner and sole occupant of a 2003 Honda Pilot as he entered the Calexico, California Wes Port of Entry. Customs and Border Protection Officer Pelayo noticed that the vehicle had one key and an empty glove compartment. The Defendant also appeared nervous, avoided eye contact and had trembling hands. The Defendant and the vehicle were escorted to the vehicle secondary area for further inspection. A Narcotic Detector Dog alerted to the vehicle's dashboard area.    A subsequent inspection of the vehicle resulted in the discovery of 22.32 kilograms (49.10 pounds) of cocaine concealed within a specially-built compartment located in the front wall dash of the vehicle. Defendant stated he did not know anything about the cocaine in his vehicle and that the vehicle had been in his possession at all time since February 11, 2008. Defendant stated to S/A Torregrosa that his mother had given him $700.00. S/A Torregrosa made a telephone call to Defendant's mother who stated she did not give her son that money. Defendant's mother also stated that the only vehicle she knows her son drives is a pickup truck and not a Honda.

C.   <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)</u>:

    1.   The Defendant is a United States citizen.

    2.   The Defendant resides with his parents, wife and child in Calexico, California.

    3.   The Defendant is employed as a field worker.

D.   <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)</u>:

    1.   The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community.

II

<u>REASONS FOR DETENTION</u>

A.   There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint Number 08MJ8145, to wit: the importation of 22.32 kilograms (49.10 pounds) of cocaine in violation of 21 U.S.C. § 952 and 960.

B.   The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. He therefore has a strong motive to flee.

C.   The Defendant has not rebutted the presumption, based upon the Court's findings that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

III

<u>ORDER</u>

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

///

///

1    While in custody, upon order of a court of the United States or upon the request of an attorney

2  for the United States, the person in charge of the correctional facility shall deliver the Defendant to the

3  United States Marshal for the purpose of an appearance in connection with a court proceeding or any

4  other appearance stipulated to by defense and government counsel.

5    THIS ORDER IS ENTERED WITHOUT PREJUDICE.

6    IT IS SO ORDERED.

7    DATED:  3-4-08

8

9

10    PETER C. LEWIS
       UNITED STATES MAGISTRATE JUDGE

11

12  Prepared by:

13  KAREN P. HEWITT
    United States Attorney

14

15

16  JOHN F. WEIS
    Assistant U. S. Attorney

17

18  cc:    Matthew Hagen of
          Federal Defenders of San Diego, Inc.

19

20

21

22

23

24

25

26

27

28